UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NICHOLAS VALENTINE,

        Plaintiff,

  v.                                      Civil Action 2:23-cv-4175
                                            Chief Judge Algenon L. Marbley
                                            Magistrate Judge Chelsey M. Vascura

**LINE CONSTRUCTION BENEFIT**
**FUND, d/b/a LINECO,**

        Defendant.

## OPINION AND ORDER

      Plaintiff, Nicholas Valentine, commenced this action on November 29, 2023, in the Court of Common Pleas for Franklin County, Ohio, to recover health insurance benefits from Defendant, Line Construction Benefit Fund d/b/a Lineco. (Compl., ECF No. 2.) On December 19, 2023, Defendant removed the case to this Court, asserting that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132(a) and 1144(a) ("ERISA"). (Notice of Removal, ECF No. 1.) Defendant now seeks to transfer this case to the Northern District of Illinois pursuant to a forum-selection clause in the health insurance plan at issue. (Def.'s Mot. to Transfer Venue, ECF No. 6.) Plaintiff did not respond to Defendant's Motion and the time to do so has now expired. For the reasons that follow, Defendant's Motion to Transfer Venue is **GRANTED**.

      First, the undersigned considers the validity of the forum-selection clause. Defendant relies on the following language of the health insurance plan at issue:

> Except to the extent prohibited by Federal law, any action by a Participant or Beneficiary relating or arising under the Plan shall be brought and resolved only in the U.S. District Court for the Northern District of Illinois and in any courts in which appeals from such court are heard, and such court shall have personal jurisdiction over the Participant or Beneficiary named in such action.

(April 1, 2016 Amendment to the Plan of Benefits Provided by the Line Construction Benefit Fund, ECF No. 6-1.) The United States Court of Appeals for the Sixth Circuit has held that forum-selection clauses in ERISA plans are "presumptively valid and enforceable," even when the clause is "not the product of an arms-length transaction." *Smith v. Aegon Companies Pension Plan*, 769 F.3d 922, 930 (6th Cir. 2014). As Plaintiff has not responded to Defendant's Motion and there is nothing otherwise in the record to rebut the presumption of the clause's validity, the undersigned finds the plan's forum-selection clause to be valid and enforceable.

Next, the undersigned considers whether transfer is appropriate. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." The moving party bears the burden of demonstrating that a change of venue is warranted. *Centerville ALF, Inc. v. Balanced Care Corp.,* 197 F.Supp.2d 1039, 1049 (S.D. Ohio 2002). District courts have broad discretion in ruling on a motion to transfer under § 1404. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). This provision codifies the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is another federal Court. *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 61 (2013).

When a forum selection clause is not implicated, a district court considering a § 1404(a) motion must evaluate both the convenience of the parties and various public-interest considerations. *Id.* at 62. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Atl. Marine*, 571 U.S. at 63 (cleaned up). In that instance, the plaintiff's choice of forum

is accorded no deference the factors relating to the parties' private interests are deemed to weigh entirely in favor of the preselected forum. *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 215 (6th Cir. 2021) (quoting *Atl. Marine*, 571 at 63–64). The Court instead considers only factors related to the public interest. *Id.*

The relevant public-interest factors include: (i) administrative difficulties flowing from court congestion; (ii) the local interest in having localized controversies decided at home; (iii) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (iv) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (v) the unfairness of burdening citizens in an unrelated forum with jury duty. *See Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 500 (6th Cir. 2016) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Because the public-interest factors "will rarely defeat" a forum selection clause, "the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64. Indeed, the Supreme Court has emphasized that "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Id.* at 59–60 (cleaned up). In the absence of any argument against transfer by Plaintiff, the undersigned finds that this is not one of the "most exceptional cases" in which the public-interest factors outweigh the parties' agreement to litigate in the Northern District of Illinois.

In sum, the undersigned finds the plan's forum-selection clause to be valid and enforceable and that the relevant factors under 28 U.S.C. § 1404(a) favor transfer. Accordingly, Defendant's Motion to Transfer Venue (ECF No. 6) is **GRANTED**. The Clerk is **DIRECTED** to transfer this case to the United States District Court for the Northern District of Illinois, Eastern Division, for further proceedings.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE